IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD W. EDWARDS, #135518, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-452-ID |
| ) | [WO] |
| ) | |
| JOHN CUMMINS, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Richard W. Edwards ["Edwards"], a state inmate, in which he challenges the medical treatment provided to him at the Kilby Correctional Facility for his spinal condition. On June 28, 2010, Edwards filed a motion for preliminary injunction in which he requests that the medical defendants renew all his prior prescriptions for pain medications and seeks transfer to a different correctional facility to ensure provision of adequate medical treatment. *Court Doc. No. 13* at 1-2.

### I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Edwards demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a

substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'  *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of*

*Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Relevant Information

On June 1, 2010, the medical defendants filed a response in which they address the allegations presented by Edwards in his motion for preliminary injunction. The evidentiary materials filed in support of this response, including an affidavit and relevant medical records, clearly demonstrate that the defendants have provided Edwards appropriate medical treatment for his various health conditions. *Medical Defendants' Exhibit 1 (Affidavit of Nurse Dallas Diaz, Health Services Administrator for Kilby Correctional Facility) - Court Doc. No. 15-1* at 2-5; *Medical Defendants' Exhibit 2(Medical Records of Richard W. Edwards) - Court Doc. No. 15-2* at 1-154.  Moreover, these evidentiary materials do not indicate any deliberate indifference by the defendants towards the plaintiff's medical needs; rather, these documents demonstrate the defendants routinely examine Edwards, assess his complaints and provide treatment to him in accordance with their professional judgment.

Nurse Diaz addresses the plaintiff's allegations, in relevant part, as follows:

> I have completely reviewed the medical file regarding the medical treatment of Richard W. Edwards (AIS #135518), during the time of his incarceration with the Alabama Department of Corrections.
> As the HSA at Kilby I have had the occasion to communicate with Mr. Edwards regarding his medical treatment at the Kilby Correctional

Facility. I have thoroughly reviewed the medical records which reflect the details of Mr. Edwards treatment during the time of his incarceration....

On September 29, 2008, Mr. Edwards underwent surgery at the C3-4 level. Mr. Edwards had good results for approximately 8-9 months. Thereafter, he began to complain[] of pain in his neck, shoulders and back.

On April 1, 2009, after Mr. Edwards complaint of pain, a radiographic examination [was] performed by American Mobile Imaging. The Diagnostic Imaging Report stated in part as follows: "Results: alignment is satisfactory and disc spaces are maintained. Conclusion: Normal."

Another radiographic examination was performed on Richard Edwards on July 8, 2009. The examination was again performed due to pain in the thorasic spine. The conclusions as noted by the radiologist were: "Alignment is satisfactory with minor generalized DJD and osteopenia is present."

An MRI of Richard Edwards' cervical spine was taken on October 22, 2009, at Jackson Hospital In Montgomery, Alabama. A comparison was made to an earlier MRI taken in July 2008. The report from the radiologist, dated October 22, 2009, stated as follows:

> Findings:
>
> Patient has undergone an anterior cervical fusion at C3-4 with metal plates in place at this level. A large disc bulge at C3-4 seen previously is no longer identified. There is focal atrophy of the cord at C3-4, and there is a focus of increased signal in the cord in the atrophic segment. This suggests myelomalacia. This finding is similar to that seen on the previous exam. There is a disc bulge and osteophyte complex at C4-5 and C5-6 that is similar to prior study. Bulge is more prominent at C5-6, with some ventral encroachment on the cord. Narrowing of the canal is again seen at C4-5 and C5-6 with slight flattening of the cord at these two levels. There is some encroachment on the left neural foramina due to degenerative bone changes at C4-5 and a mild narrowing of both foramina at C5-6. I do not see a significant bulge at C6-7 on today's study. At C2-3, there is some narrowing of the right neural foramina due to degenerative bone changes. This is also similar to prior examine.
>
> Conclusion:
>
> Patient has undergone an anterior cervical fusion with metal plate at C3-4. Improving encroachment on the canal at

this level seen on prior studies.  There is focal atrophy at the cord, and a focus of myelomalacia in the cord at C3-4 that is similar to prior study.

Disc bulge and osteophyte complex at C4-5 and C5-6 results in mild spinal stenosis.  There is also foraminal narrowing on the left at C4-5.

Little change in foraminal narrowing on the right at C2-3.

Another radiographic study was performed on March 15, 2010.  The radiographic study was again taken due to Mr. Edwards continued complaints of pain in the lumbar spine.  The results of the radiographic study stated:  "Results: There is anatomic alignment of lumbar vertebra.  The vertebral bodies show mild degenerative osteophytic spurring.  No fracture or subluxation is seen, however.  Conclusion: mild osteoarthritis at the lumbar spine.  The findings are new since 4/1/09."

On January 21, 2010, Mr. Richard Edwards was seen by Dr. Francavilla, an outside neurologist at Brookwood Hospital in Birmingham, Alabama.  Dr. Francavilla's notes from January 21, 2010, reference the fusion that Mr. Edwards underwent on September 29, 2008.  Dr. Francavilla's notes indicate that Mr. Edwards had good results for about eight to nine months, then began to have recurrent pain in his neck and shoulders.  Mr. Edwards denied weakness or gait disturbance.  Dr. Francavilla further referenced the MRI taken of Mr. Edwards on October 22, 2009. The MRI indicated an advancement of stenosis at C5-6.  However, Dr. Francavilla noted no deficit on exam, and no evidence of lumbar radiculopathy.  Dr. Francavilla's notes indicated that he agreed with the current treatment being provided to Mr. Edwards.

On January 25, 2010, Mr. Edwards was seen in the out-patient clinic as a follow-up to his off-site appointment.  On February 2, 2010, Mr. Edwards was again seen by the physician and given medication.

On March 12, 2010, Mr. Edwards was again seen by a provider, and an x-ray was ordered.  On April 5, 2010, Mr. Edwards was seen again and the results of his x-rays were discussed with him.

On April 8, 2010, Mr. Edwards placed a sick call slip, and he was instructed to continue on his current medications as ordered.

Mr. Edwards has been seen multiple times by physicians and medical staff, sent off-site for a neurology consult, been provided with diagnostic testing, and placed on medications for his current condition.

Mr. Edwards has never been denied medical care or treatment.  Mr.

> Edwards has always been seen and treated for his medical conditions. Mr. Edwards has never been refused medical care and his medical care has never been delayed.
> ***
> Mr. Edwards is prescribed medications for his pain and medical needs by the treating physicians. Mr. Edwards has never been denied any medications prescribed to him by his treating physicians.

*Defendants' Exhibit 1 (Affidavit of Nurse Dallas Diaz - Court Doc. No. 15-1* at 2-5. Nurse Diaz's synopsis of the treatment provided to Edwards is supported by the medical records. *Defendants' Exhibit 2(Medical Records of Richard W. Edwards) - Court Doc. No. 15-2* at 1-154.

### B. The Prerequisites to Issuance of a Preliminary Injunction

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Edwards has not established a substantial likelihood of success on the merits of his claims. With respect to the second factor, Edwards fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction as the record before this court indicates the defendants are treating Edwards' medical conditions in accordance with their professional judgment and applicable medical standards. The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the ability of correctional medical personnel to exercise their professional judgment in determining the appropriate course of treatment for inmates. Finally, the public interest element of the equation likewise favors

the defendants at this juncture. Thus, Edwards has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction and the court concludes that the motion for preliminary injunction is due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 16, 2010 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.

1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 2nd day of July, 2010.

                                            /s/ Wallace Capel, Jr.
                                  WALLACE CAPEL, JR.
                                  UNITED STATES MAGISTRATE JUDGE